

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-715-A |
| | § | (NO. 4:07-CR-03-A) |
| | § | |
| REBECCA JACKSON | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of movant, Rebecca Jackson, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a document titled "Petitioner's Traverse to Government's Response to the Motion Filed Pursuant to 28 USC §2255" ("Traverse"). Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

<u>Background</u>

On March 30, 2007, movant pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A). On July 20, 2007, the court sentenced movant to a term of imprisonment of 360

months, followed by a five-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed. United States v. Jackson, 278 F. App'x 409 (5th Cir. 2008).[1]

## II.

### Grounds of the Motion

Movant asserted two claims of ineffective assistance of counsel by her attorney, Danny Burns ("Burns"). Movant's first claim is that Burns was ineffective for failing to subpoena the officer who found the firearms in her house that were used to enhance her sentence. Second, movant contends that her guilty plea was invalid based on erroneous advice from Burns because he assured her she would receive no more than a twelve-year sentence by pleading guilty.

As the factual basis for the first claim, movant maintains that testimony of her roommate, Tracy Harris ("Harris"), at sentencing indicated that the firearms used to enhance her sentence were found in Harris's room, not movant's. Burns failed to subpoena Daniel Foster ("Foster"), the police officer who was in the house when the firearms were found, whom movant claims

---

[1] Movant did not initially seek certiorari review. Movant filed her first motion pursuant to § 2255 on August 12, 2010. Following a hearing, the court found that movant's attorney had failed to take appropriate steps to assure she was aware that her appeal had been decided against her or that her ninety-day period to file for certiorari review had begun. The court did not rule on movant's other grounds. The Fifth Circuit then granted movant's motion to reset the ninety-day clock to seek certiorari review. The Supreme Court denied movant's petition for certiorari on October 3, 2011.

could have corroborated Harris's testimony as to where the firearms were found. Instead, a police officer who was stationed outside the house during the search testified. According to movant, Burns was ineffective for failing to ensure that this rebuttal evidence was presented at sentencing to negate the firearm enhancement.

As the factual basis for the second claim, movant contends that Burns "assured" her that by pleading guilty she would receive a sentence of no more than twelve years but could receive twenty-five to thirty years if she went to trial. Movant claims that Burns initially seemed interested in fighting for her, but then changed strategies and urged her to plead guilty. Movant argues that other than the government's witnesses, nothing else tied her to the conspiracy, and the credibility of the witnesses, as well as drug quantities, could have been determined by a jury. Movant contends that she obtained no benefit by pleading guilty, because she received almost the same amount of time she would have received had she gone to trial. Movant now maintains that without Burns's erroneous advice she would not have pleaded guilty, but would have proceeded to trial.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

## None of the Grounds Has Merit

A. Standards Applicable to Claim of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697. Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Here, movant is entitled to no relief based on the alleged ineffective

5

assistance of counsel because she has failed to meet the standard set forth by <u>Strickland</u>.

B.  <u>Merits</u>

Movant claims that she was prejudiced by Burns's failure to subpoena Foster to testify at sentencing, because Foster's testimony would have corroborated her story that the firearms were found in Harris's room. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." <u>Schwander v. Blackburn</u>, 750 F.2d 494, 500 (5th Cir. 1985) (citation omitted). Where the only evidence of an uncalled witness's testimony is from a § 2255 movant, the court views claims of ineffective assistance of counsel with "great caution." <u>Id.</u> To prevail on an ineffective assistance claim on the basis of an uncalled witness, the movant "must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." <u>Alexander v. McCotter</u>, 775 F.2d 595, 602 (5th Cir. 1985).

Here, movant has failed to make the required showing. Her claims concerning Foster's testimony are entirely speculative. Although movant contends that Foster was the officer who found

6

the firearms, and that he would have testified that they were found in Harris's room, nothing in the motion, the traverse, or the attachments to the traverse supports this contention. In the traverse movant admits that the police report is "silent as to whom and exactly where the firearms were found," Traverse at 4, thus tacitly admitting the speculative nature of her claim. Movant argues that Foster should have been required to testify at an evidentiary hearing to develop his testimony concerning the location of the firearms. However, movant is not entitled to engage in this type of "fishing expedition," hoping to find support for her otherwise speculative claims.

Not only has movant failed to show that Foster's testimony would be favorable to her, but she also has failed to show that he would have testified at her sentencing hearing. Because movant has offered only her unsubstantiated conclusions as to the nature of Foster's testimony, she has failed to establish that Burns was ineffective for failing to subpoena him as a witness at her sentencing hearing.

The court also agrees with the government that this claim is procedurally barred because movant raised it on appeal, but the Fifth Circuit rejected her argument. "[I]ssues raised and disposed of in a previous appeal from an original judgment of

conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Movant cannot revive the firearm enhancement issue by attempting to color it as a claim of ineffective assistance of counsel. See United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam).

Movant's second claim of ineffective assistance fares no better. Movant contends her guilty plea was involuntary because it was based on Burns's erroneous assurance that by pleading guilty she would receive no more than twelve years. Movant's contention is belied by the record.

Movant signed a factual resume which plainly stated, on the first page, that the penalty she faced was "imprisonment for a period of not less than 10 years and not more than Life." Factual Resume at 1. During her rearraignment hearing the court explained that the court would determine movant's penalty, whether she pleaded guilty or proceeded to a jury trial. Rearraignment Tr. at 8. The court explained that the sentencing guidelines were advisory, but that the court was required to consider the guidelines and could under some circumstances depart from them. Id. at 10. The court explained that it was not bound by facts stipulated between the government and movant but could disregard such facts or take into account facts not otherwise

stipulated. Id. The court also discussed the presentence report, its importance, and informed movant that it "rel[ied] very heavily" on the presentence report in determining the sentence to impose. Id. at 12. Movant testified that she understood all of the court's explanations. Id. at 9, 13.

The court further explained the possible penalties movant could face if she persisted in her guilty plea, including a term of imprisonment of at least ten years and as much as life, and payment of a fine of four million dollars. Movant again testified she understood that she faced such penalties by pleading guilty. Id. at 20. The same penalties were clearly stated in the factual resume, and movant testified that she read and discussed that document with her attorney and that she knew the legal significance of everything in it before she signed it. Id. at 17-18.

At movant's rearraignment hearing the following exchange also occurred:

> THE COURT: Okay. Has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?
>
> DEFENDANT JACKSON: No, sir.

Id. at 19. The court also asked movant if she understood that if her sentence was more severe than she anticipated after pleading

guilty she would not have the right to withdraw her plea, and movant testified affirmatively. Id. at 20-21. After all of the previous discussion, movant still pleaded guilty. Id. at 21.

A criminal defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

To obtain habeas relief on the basis of an alleged promise that is inconsistent with movant's representations in open court, movant was required to prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant is also required to produce "independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties." Id. Movant has not alleged that Burns "promised" her anything; at

10

most, she contends he "assured" her she would receive no more than twelve years' imprisonment. Even construing Burns's assurances as a promise, however, movant has failed to provide any independent indicia of the merits of her allegations, and so has failed to overcome the representations as to the voluntary nature of her guilty plea made during her rearraignment hearing.

V.

ORDER

Therefore,

The court ORDERS that the motion of Rebecca Jackson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

    SIGNED April 4, 2013.

                                      JOHN McBRYDE
                                      United States District Judge